Filed 10/20/22  P. v. Benavidez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISAAC BENAVIDEZ,<br><br>    Defendant and Appellant. | H049693<br>(Monterey County<br>Super. Ct. No. 21CR008255) |

**MEMORANDUM OPINION[1]**

Defendant Isaac Benavidez appeals from the judgment entered after a jury convicted him of burglary in the first degree (Pen. Code, § 459; count 1)[2] and misdemeanor trespass (§ 602, subd. (m); count 2).  Benavidez argues that we should reverse the conviction on count 2 because there was insufficient evidence to support his conviction for trespass.  The Attorney General concedes this argument.  Benavidez does not challenge his conviction as to count 1.

Benavidez had been living in his car when he went inside a hotel in Salinas looking for empty rooms where he could use the bathroom and shower.  Over the course of two consecutive days, he entered two different hotel rooms.

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

[2] Undesignated statutory references are to the Penal Code.

The conduct on the date of the second incident formed the basis for the charge in count 2.[3]  On July 13, 2021, the hotel manager heard from a guest on the third floor that there was a suspicious person on the hotel property.  When the manager went up to the third floor to investigate, he encountered a staff member who told him that she had seen someone walk into an open hotel room.  The manager then found Benavidez inside one of the hotel rooms.  Benavidez told the manager that he had rented the room that morning, but the manager knew that was not true.  Benavidez then stated that he was in the room because he wanted to take a shower.  The manager told Benavidez that he had to leave.  The manager testified that about five minutes after he contacted Benavidez, he escorted Benavidez off the premises by walking him down the stairs and out of the hotel.  Benavidez testified that he was in the room for about 20 seconds before the manager found him, and that he and the manager began walking down the stairs together less than three minutes after the manager first contacted him.

Benavidez was charged in an information with felony first degree residential burglary (§ 459, count 1) and misdemeanor trespass (§ 602, subd. (o); count 2).  At trial, after the prosecution presented the case-in-chief and rested, Benavidez moved under section 1118.1 for a judgment of acquittal on count 2.  Before the court ruled on the motion, the prosecution moved to amend count 2 to charge a violation of section 602, subdivision (m).[4]  The court granted the motion over a defense objection, and denied Benavidez's section 1118.1 motion.  The jury convicted on both counts.  The court

[3] The facts of the first incident, which was charged in count 1 as residential burglary, are not relevant to this appeal.

[4] Section 602, subdivision (o) punishes the failure to leave a property upon being requested to leave by a peace office at the request of the owner, or by the owner or his or her agent.  (§ 602, subd. (o).)  Section 602, subdivision (m) prohibits entering and occupying property without the consent of the owner, the owner's agent, or the person in lawful possession of the property.  (§ 602, subd. (m).)

sentenced Benavidez to four years in state prison on count 1 and to a concurrent sentence of 173 days on count 2 (deemed served).

Benavidez timely appealed.

On appeal, Benavidez argues that we should reverse the conviction on count 2 because there was insufficient evidence to support his conviction for trespass. The Attorney General correctly concedes this argument. Benavidez also contends that the abstract of judgment contains a clerical error regarding the presentence credits. The Attorney General did not respond to this argument.

In considering a challenge to the sufficiency of the evidence, we determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. (*People v. Banks* (2015) 61 Cal.4th 788, 804.) A defendant can appeal the sufficiency of the evidence without having objected below. (*People v. McCullough* (2013) 56 Cal.4th 589, 596.)

Section 602, subdivision (m) prohibits "entering and occupying real property or structures of any kind without the consent of the owner, the owner's agent, or the person in lawful possession." (§ 602, subd. (m).) The "occupying" element of section 602, subdivision (m) requires proof of a "nontransient, continuous type of possession." (*People v. Wilkinson* (1967) 248 Cal.App.2d Supp. 906, 910 (*Wilkinson*).)[5]

In *Wilkinson*, the court determined that there was insufficient proof of "occupying" where defendants had camped overnight on private property without permission. (*Wilkinson*, *supra*, 248 Cal.App.2d Supp. at p. 911.) In the case of *In re Catalano* (1981) 29 Cal.3d 1, where the defendants stayed on a property without permission for several minutes, the Supreme Court cited *Wilkinson* and determined that the defendants could not be prosecuted under former section 602, subdivision (l) because

---

[5] Older cases construed section 602, subdivision (l), which was renumbered as section 602, subdivision (m) in 2003. (Stats. 2003, ch. 805, § 1.3.)

3

their stay was transient. (*Catalano,* at p. 10, fn. 8.) Similarly, the court in *In re Y.R.* (2014) 226 Cal.App.4th 1114 held that staying in an unauthorized area for "somewhere between one hour and several hours" was a transient use of property that did not constitute "occupying" under section 602, subdivision (m). (*Id.* at pp. 1120-1121.)

Here, considering the entire record, the People failed to present sufficient evidence of the "occupying" element of section 602, subdivision (m) to support a conviction on count 2. The evidence, viewed in the light most favorable to the prosecution, showed that Benavidez was in the hotel room for approximately five minutes before the manager escorted him from the hotel property. This period of time is shorter than that in the cases set forth above, which held that there was insufficient proof of the "occupying" element of section 602, subdivision (m) due to the transient use of the property. Because there was insufficient evidence to support the trespass charge, we will reverse the judgment as to count 2.

In addition, the abstract of judgment does not accurately reflect the court's oral imposition of sentence with respect to presentence credits. In criminal cases, the oral pronouncement of sentence constitutes the judgment, and where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) At sentencing, the trial court stated that Benavidez was entitled to 173 days of presentence credits, with 87 of the days being custody credits, along with 86 days of good conduct credit earned under section 4019. Those numbers are reversed on the abstract of judgment, which states that Benavidez served 86 days in custody and earned 87 days of credit under section 4019. Because the court's oral pronouncement of sentence conflicts with the abstract of judgment, the abstract of judgment should be corrected to reflect the sentence imposed at the sentencing hearing. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We will

direct the trial court to prepare an amended abstract of judgment reflecting the court's pronouncement as to presentence credits.

## DISPOSITION

The judgment on count 2 is reversed.  The trial court shall prepare and transmit to the Department of Corrections and Rehabilitation an amended abstract of judgment reflecting 87 days of actual custody and 86 days of good conduct credits under section 4019.

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Lie, J.

H049693
People v. Benavidez